UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SCOTT M. VAUGHN, JR., | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-02082-JMS-DML |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

**Amended Entry Granting Petition for Writ of Habeas Corpus**

The petition of Scott Vaughn ("Mr. Vaughn") for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ICY 17-03-0217.[1] For the reasons explained in this Entry, Mr. Vaughn's habeas petition must be **granted**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] This Amended Entry and Judgment supersede those issued on October 27, 2017. The only change is the disciplinary proceeding number has been corrected.

## B. The Disciplinary Proceeding

On March 22, 2017, Program Coordinator B. Johnson wrote a conduct report in case ICY 17-03-0217 charging Mr. Vaughn with use or possession of a cellular phone. The Report of Conduct states:

> On 3-22-2017, I B. Johnson was reviewing Jpay letters for offender VAUGHN, SCOTT M., JR. #179953. Offender Vaughn stated to Janelle Gunst that he had broken his phone and would not be able to call until he pays for it. Offender Vaughn goes on to say that he felt like everyone hates him and he used that as an excuse to "get high yesterday." The Jpay letter is enclosed.
>
> I feel offender Vaughn's statements are evidence of aggravated circumstances for a charge of 121 A.

Dkt. 1-1. Vaughn was notified of the charge on March 25, 2017, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing *Id*. On the Notice of Disciplinary Hearing, the screening officer noted that Vaughn changed his plea to guilty; did not request a lay advocate, witnesses, or evidence; acknowledged the hearing would be dispositional rather than a full hearing; and waived the 24-hour notice of the hearing. *Id*. Vaughn initialed the advisement of rights and signed the Notice of Disciplinary Hearing. *Id*.

The hearing officer conducted a disciplinary hearing on April 3, 2017. *Id*. The hearing officer noted that Vaughn stated, "I didn't want to plead guilty, but felt that I was persuaded to plead guilty by the screening officer, because he said that Mr. English would talk to me, and he can't." *Id*. After considering the guilty plea, the JPay letter, and the staff reports, the hearing officer determined that Vaughn had violated Code A-121. *Id*. The sanctions imposed included the deprivation of 180 days of earned credit time. *Id*.

Mr. Vaughn's appeals to the facility head and the final review authority were denied. *Id*.

He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

Mr. Vaughn raises three grounds for relief in his habeas petition. Because the Court is granting relief on the guilty plea issue discussed below, it need not address the other two issues.

Mr. Vaughn alleges that he was persuaded to change his plea to guilty by the screening officer who told him that his disciplinary action would be handled by his therapeutic community, rather than by the disciplinary hearing board, if he pleaded guilty. Dkt. 1-1. This turned out not to be true and his conduct report was evaluated by a hearing officer. In the hearing report, the hearing officer states that he relied on Mr. Vaughn's guilty plea when he found Mr. Vaughn guilty.

In his return to the order to show cause, the respondent asserts that there is no evidence in the record supporting Mr. Vaughn's claim that he was misled into pleading guilty. Dkt. 11, p. 5-6. To the contrary, the screening report supports Mr. Vaughn's claims to the extent it shows that the screening officer changed his plea from not guilty to guilty. Dkt. 1-1. Although Mr. Vaughn initialed the form in some places, the hearing officer initialed the change of plea rather than Mr. Vaughn. *Id.* Similarly, the hearing report supports his claim to the extent it documents his assertion to the hearing officer that the screening officer persuaded him to plead guilty based on the promise that his case would be decided by his therapeutic community rather than the hearing officer. *Id.* The respondent's bare assertions that the record lacks evidence that Mr. Vaughn was misled by the screening officer is insufficient to create a dispute of material fact requiring an evidentiary hearing. *See Pannell v. McBride*, 306 F.3d 499, 503–04 (7th Cir. 2002) (respondent's assertion that the record lacked any evidence on issue overlooked petitioner's statement in sworn petition). Mr. Vaughn's sword petition states that he was misled, and there is

no evidence disputing this from respondent.

When his plea was changed from not guilty to guilty, Mr. Vaughn lost the right to request witnesses and present evidence on his behalf. Dkt. 1-1. He also lost the right to a fair hearing before an impartial decisionmaker. *Id.* Denial of these due process rights based upon a misrepresentation by a screening officer is subject to harmless error analysis. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). A due process error is harmless unless it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432 (1995).

Here, the incorrect entering of a guilty plea was not harmless. First, the hearing report indicates that the hearing officer relied upon the guilty plea when determining Mr. Vaughn's guilt. In addition, the entering of a guilty plea undoubtedly creates a compelling presumption that the inmate is, in fact, guilty of the disciplinary charge. It would be difficult for a hearing officer, even considering the rest of the evidence, to find that this presumption has been rebutted. Entering the guilty plea therefore had a substantial and injurious effect on the outcome of this proceeding.

The undisputed evidence shows that Mr. Vaughn was misled into changing his plea of not guilty to guilty. His statement at the disciplinary hearing that he was misled into pleading guilty was effectively ignored when the hearing officer relied upon the guilty plea. This error is not harmless and Mr. Vaughn is entitled to habeas relief.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because Vaughn was denied the rights associated with pleading not guilty, the finding and sanctions imposed in case No. ICY 17-03-0217 must be

**VACATED AND RESCINDED**. Accordingly, Mr. Vaughn's petition for a writ of habeas corpus is **GRANTED**. This disposition is not based on the alleged insufficiency of the evidence and does not bar a re-hearing of the charge.

**IT IS SO ORDERED.**

Date: 11/6/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SCOTT M VAUGHN, JR
179953
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov